# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:08-cr-00261 |
| | ) | |
| | ) | JUDGE THOMAS A. WISEMAN, JR. |
| REGINALD ELLISON, SR. | ) | |

## ORDER

Before the Court is petitioner Reginald Ellison, Sr.'s *pro se* motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) (ECF No. 53).  The United States has filed a response in opposition to the motion.  The Court appointed counsel for Mr. Ellison and directed the filing of a reply brief, which is also before the Court.  For the reasons set forth herein, the motion must be denied.

### The Parties' Positions

In his motion, Mr. Ellison asserts that he is entitled to a reduction in his sentence under § 3582(c) based on the passage of the Fair Sentencing Act ("FSA"), as implemented by Amendment 750 to the United States Sentencing Guidelines.  Among other things, the FSA reduced the sentencing disparity between offenses involving powder cocaine and those involving crack cocaine from a ratio of 100:1 to a ratio of 18:1.  The sentencing guidelines were amended to reflect this change, and those amendments were made retroactive as of November 1, 2011.  Mr. Ellison insists that he is eligible for a reduction in his sentence under Amendment 750, because he pleaded guilty to a crack cocaine offense and was sentenced to a term of imprisonment for that offense.

The United States argues in response that:  (1) nothing in the FSA authorizes the Court to reduce the petitioner's sentence; and (2) although Amendment 750, which amends the sentencing guidelines for crack cocaine offenses, is retroactive, the guidelines pertaining to the sentencing of career offenders was not reduced; and (3) the petitioner was sentenced under a Rule 11(c)(1)(C) plea agreement that included an agreed-upon sentence of 188 months of imprisonment, which was imposed by the Court.  Further, the United States insists that, in reliance on the plea agreement, it agreed to dismiss Count Three of the indictment, which would have carried a five-year consecutive sentence.  In addition, the government

agreed not to file enhancement information that would have invoked a mandatory life sentence under 21 U.S.C. § 851 for Count One.

In his reply brief, the petitioner, through counsel, argues that under *Freeman v. United States*, --- U.S. ----, 131 S. Ct. 2685 (2011), a defendant who pleaded guilty under Rule 11(c)(1)(C) is nonetheless eligible to receive the benefits of a retroactive amendment, such as Amendment 750, so long as the original sentence was "based on" the later-amended guideline. (ECF No. 61, at 4 (quoting *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring).) The petitioner also argues that the Sixth Circuit has interpreted *Freeman* as allowing a reduction in sentence even when the petitioner was sentenced as a career offender. (ECF No. 61, at 4 (citing *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012).) The petitioner argues emphatically that that his sentenced was based on the amended crack cocaine guidelines.

## Legal Analysis and Discussion

The district court may reduce a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sixth Circuit recognizes that a district court's decision whether to grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) involves a two-step process. As an initial matter, the Court must determine whether the defendant is eligible for a sentence modification under the Sentencing Commission's policy statements and the extent of the reduction authorized. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). As part of that process, "[t]he court must 'determine the amended guideline range that would have been applicable to the defendant' if the relevant amendment had been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Second, if the Court finds that the defendant is eligible for a sentence reduction, the Court must consider the 18 U.S.C. § 3553(a) factors and determine, in its discretion, whether the authorized reduction is warranted under the circumstances. *Id.*

Here, the Court is required only to consider the first step, under which the Court concludes that Ellison is not eligible for a reduction in his sentence. In *Freeman*, a plurality of the Supreme Court held that a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible to seek a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a reduction in the Sentencing Guidelines range, but only "if [the Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and *that range* is subsequently lowered by the United States Sentencing Commission." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring) (emphasis added).[1] In that event, "the term of imprisonment is 'based on' the range employed [in the Guidelines] and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring). That is, "[a]s long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." *Id.* at 2697–98. It follows that if the plea agreement is expressly based on a sentencing range that has *not* been subsequently lowered, the defendant is not entitled to a reduction in sentence.

The Rule 11(c)(1)(C) Plea Agreement in this case sets forth an agreed-upon sentence of 188 months. That figure was unambiguously based on an initial finding that the appropriate base offense level for Count One of the indictment, under the career offender guideline, § 4B1.1(b)(B), was 34.[2] After a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the parties agreed to a Recommended Offense Level of 31. (Plea Agreement at 10–11 ¶ 12, ECF No. 41, at 18.) The parties agreed that the petitioner was a career offender under § 4B1.1(b)(B) and that his criminal history category was VI. The Plea Agreement states: "When combined with the anticipated Criminal History Category of VI, the Recommended Offense Level would result in a recommended advisory sentencing range of 188–

---

[1] The Sixth Circuit has recognized that Justice Sotomayor's concurring opinion in *Freeman* "is the narrowest ground for the Court's decision and thus represents the Court's holding." *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011).

[2] The parties also "agree[d] to jointly recommend that Counts Two and Four [the other two counts of the indictment to which Ellison pleaded guilty] group with Count One as closely related counts pursuant to U.S.S.G. § 3D1.2, and that the sentences on those counts run concurrently with the sentence on Count One." (Plea Agreement at 10 ¶ 12(a)(i), ECF No. 41, at 17.)

235 months imprisonment. . . ." (*Id.* at 11 ¶ 12(c), ECF No. 41, at 18.)  The recommended sentence of 188 months was obviously "based on" that range.  Although the petitioner argues that 188 months was also the top of the range that would have been applicable under the crack guideline, there is no indication in the Plea Agreement, the Presentence Investigation Report, or the transcript of the sentencing hearing that the agreed-upon sentence was in any part "based on" the now-amended crack guideline.

The facts of this case are therefore clearly distinguishable from those at issue in *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012), relied upon by the petitioner.  In that case, the district court had delayed sentencing in anticipation that Congress would pass legislation reducing the penalties associated with the crack cocaine laws, with the hope of giving the defendant "the benefit of any change in the law that might occur." *Id.* at 443.  After waiting for more than a year, the district court concluded that it could not wait any longer and went ahead with sentencing in July 2010.   At sentencing, the district court recognized that the presentencing report provided a sentencing range of 188–235 months based on the defendant's status as a career offender.  The district court, however, chose not to sentence the defendant as a career offender and instead sentenced him to 150 months' imprisonment, a sentence well below the applicable range for a career offender but right in the middle of the advisory guideline range for crack cocaine violations that would otherwise have applied to the defendant if he were not a career offender. The Sixth Circuit in that case concluded that the defendant's sentence was "based on" the crack cocaine guideline that had subsequently been amended and that the defendant was therefore eligible for resentencing.

In contrast, here, the parties' agreed sentence, and the sentence applied by the Court, was not based on the crack cocaine guidelines but solely on the career-offender guideline.  *Freeman* restricts the Court's discretion in this case to reduce the petitioner's sentence.

Even if that were not the case, the Court further observes that the Plea Agreement also included an express waiver of Mr. Ellison's right to file a motion under § 3582.  The agreement states in pertinent part:  "The defendant knowingly waives the right to challenge the conviction or the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241 or 18 U.S.C. § 3582(c)."  (Plea Agreement at 16 ¶ 21, ECF No. 41, at 23.)   At the time this agreement was signed, the petitioner, through his counsel, almost certainly was aware of the possibility

that Congress would amend the statutes, and that the Sentencing Commission would amend the guidelines, pertaining to crack cocaine offenses. *Cf. Jackson*, 678 F.3d at 442 (noting that although the defendant entered a guilty plea in June 2009, the district court postponed sentencing for more than a year in anticipation of reduction in the "crack versus powder cocaine" sentencing disparity). The petitioner's waiver was supported by substantial consideration, including the government's agreement not to file enhancement information under 21 U.S.C. § 851 that would have resulted in a sentence of mandatory life imprisonment under Count One of the indictment. There is no indication in the record that the waiver was not "knowing." Thus, even if the Court found that Mr. Ellison had been sentenced "based on" the crack guideline, Mr. Ellison would be bound by his waiver of the right to file a § 3582 motion. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.").

For all these reasons, the motion for reduction in sentence under 18 U.S.C. § 3582 (ECF No. 53) is hereby **DENIED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge