UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-00261 |
| | ) | JUDGE CAMPBELL |
| REGINALD ELLISON, SR. | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's *pro se* Motion To Correct Or Reduce A Sentence Pursuant To 18 U.S.C. § 3582(c)(2) and *pro se* reply brief (Docket Nos. 64, 92); a Supplemental Memorandum (Docket No. 103), filed by counsel for the Defendant; and the Government's Response (Docket Nos. 76, 104).

Through his filings, the Defendant seeks a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment was given retroactive effect. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify
> a term of imprisonment once it has been imposed except that--

* * *

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant pled guilty, before now-retired Judge Thomas A. Wiseman, Jr., to two drug distribution charges and a firearm charge, pursuant to a Plea Agreement, through which the Government agreed to dismiss the remaining two counts of the Indictment after sentencing and not to seek a sentencing enhancement under 21 U.S.C. § 851. (Docket Nos. 1, 27, 41). The Defendant acknowledged in the Plea Agreement, and at the change-of-plea hearing, that he had at least two prior convictions for felony drug offenses, and that he would face a mandatory life sentence on Count One if the Government chose to seek the Section 851 enhancement. (Docket No. 41, at ¶ 6; Docket No. 59, at 10). The Defendant further acknowledged that he qualified as a career offender under the sentencing guidelines. (Docket No. 41, at ¶ 12; Docket No. 59, at 11). The parties estimated the applicable sentencing guideline range to be 188 to 235 months of imprisonment, and agreed to a sentence of 188 months. (Id., ¶ 13). The parties also agreed that

the Defendant retained the right to appeal the denial of his suppression motion. (Id., at ¶ 21). At sentencing, Judge Wiseman imposed the agreed 188-month sentence. (Docket Nos. 42, 43, 58). The Sixth Circuit affirmed the Defendant's conviction on appeal. (Docket No. 50).

The Defendant subsequently filed a separate action under 28 U.S.C. § 2255 seeking to set aside his guilty plea as involuntary and as the product of ineffective assistance of counsel. (Civil Case No. 3:11-01224). At the hearing set by Judge Wiseman to consider the claims, the Defendant withdrew his motion after his counsel explained that he would likely face a mandatory life sentence if the Plea Agreement were to be set aside. (Docket Nos. 25, 37 in Case No. 3:11-01224). The Defendant subsequently filed a *pro se* motion under Rule 60(b)(3) to revive his claims, but the motion was denied by Judge Kevin H. Sharp, to whom the case had been transferred. (Docket Nos. 27, 45 in Case No. 3:11-01224).

On January 19, 2012, the Defendant filed a motion in this case seeking a reduction in his sentence based on the passage of the Fair Sentencing Act ("FSA"), as implemented by Amendment 750 to the crack cocaine guideline of the United States Sentencing Guidelines. (Docket No. 53). In denying the motion, Judge Wiseman rejected the Defendant's argument, based on Freeman v. United States, ___ U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), that his sentence was based on the amended crack cocaine guideline rather than the career offender guideline:

> In *Freeman*, a plurality of the Supreme Court held that a defendant who enters into a Rule 11(c)(1)(C) plea agreement is eligible to seek a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a reduction in the Sentencing Guidelines range, but only 'if [the Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and *that range* is subsequently lowered by the United States Sentencing Commission.' *Freeman,* 131 S. Ct. at 2695 (Sotomayor, J., concurring) (emphasis added).[1] In that event, 'the term of imprisonment is "based

3

on" the range employed [in the Guidelines] and the defendant is eligible for sentence reduction under § 3582(c)(2).' *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring). That is, '[a]s long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is "based on" that range.' *Id.* at 2697-98. It follows that if the plea agreement is expressly based on a sentencing range that has *not* been subsequently lowered, the defendant is not entitled to a reduction in sentence.

The Rule 11(c)(1)(C) Plea Agreement in this case sets forth an agreed-upon sentence of 188 months. That figure was unambiguously based on an initial finding that the appropriate base offense level for Count One of the indictment, under the career offender guideline, § 4B1.1(b)(B), was 34.[2] After a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the parties agreed to a Recommended Offense Level of 31. (Plea Agreement at 10-11 ¶ 12, ECF No. 41, at 18.) The parties agreed that the petitioner was a career offender under § 4B1.1(b)(B) and that his criminal history category was VI. The Plea Agreement states: 'When combined with the anticipated Criminal History Category of VI, the Recommended Offense Level would result in a recommended advisory sentencing range of 188-235 months imprisonment. . . . ' (*Id*. at 11 ¶ 12(c), ECF No. 41, at 18.) The recommended sentence of 188 months was obviously 'based on' that range. Although the petitioner argues that 188 months was also the top of the range that would have been applicable under the crack guideline, there is no indication in the Plea Agreement, the Presentence Investigation Report, or the transcript of the sentencing hearing that the agreed-upon sentence was in any part 'based on' the now-amended crack guideline.

---

[1] The Sixth Circuit has recognized that Justice Sotomayor's concurring opinion in *Freeman* 'is the narrowest ground for the Court's decision and thus represents the Court's holding.' *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011).

[2] The parties also 'agree[d] to jointly recommend that Counts Two and Four [the other two counts of the indictment to which Ellison pleaded guilty] group with Count One as closely related counts pursuant to U.S.S.G. § 3D1.2, and that the sentences on those counts run concurrently with the sentence on Count One.' (Plea Agreement at 10 ¶ 12(a)(i), ECF No. 41, at 17.)

(Docket No. 62, at 3-4). Judge Wiseman went on to distinguish the Sixth Circuit's opinion in

United States v. Jackson, 678 F.3d 442 (6th Cir. 2012), which held that a defendant who qualified

as a career offender was eligible for resentencing, by explaining that the sentencing court in that

4

case chose not to sentence the defendant as a career offender and instead sentenced him in the middle of the advisory guideline range for crack cocaine violations. (Id.)

The Defendant's case was subsequently transferred to the undersigned Judge. Through his filings requesting a reduction of sentence based on Amendment 782, the Defendant again argues that his sentence was "based on" the drug sentencing guideline rather than the career offender guideline, relying on the Supreme Court's decision in Freeman, as well as the Sixth Circuit's decisions in Jackson and United States v. Hameed, 614 F.3d 259 (6th Cir. 2010).

For the reasons stated by Judge Wiseman, the Court concludes that Freeman and Jackson do not support a sentencing reduction in this case. The Hameed decision is similarly unavailing because the appeals court in that case found that the sentencing judge "actually relied on the crack guidelines under § 2D1.1 in fashioning a sentence for Hameed." 614 F.3d at 265. As explained by Judge Wiseman, in this case, "there is no indication in the Plea Agreement, the Presentence Investigation Report, or the transcript of the sentencing hearing that the agreed-upon sentence was in any part 'based on'" the drug sentencing guideline rather than the career offender guideline.[1] Consequently, the Defendant's guideline range has not been lowered as a result of Amendment 782's reductions to the Drug Quantity Table in Section 2D1.1, and his request for a sentencing reduction is denied. See, e.g.,18 U.S.C. § 3582(c)(2); United States v. Steel, 609 F. App'x 851, 851 (6th Cir. 2015)(Amendment 782 does not apply to reduce sentence of career offender).

---

[1] The Defendant also cites a Minnesota district court decision, United States v. Miller, 2010 WL 3119768 (D. Minn. Aug. 6, 2010), in which the court reduced the life sentence of a career offender based on the crack cocaine guideline amendment, describing the case as "a singular and unique exception." The Court finds the "unique" facts at issue in Miller to be distinguishable from those at issue here.

The Defendant also argues that his sentence should be reduced based on the provisions of the Fair Sentencing Act that increased the amount of cocaine base necessary to activate application of certain statutory mandatory minimum sentences, and lowered certain statutory maximum sentences. *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Sixth Circuit has held, however, that those provisions do not retroactively apply to defendants who were sentenced before the FSA's effective date. *United States v. Blewett*, 746 F. 3d 647 (6th Cir. 2013). The FSA took effect on August 3, 2010, and the Defendant was sentenced on August 31, 2009. (Docket No. 42).[2] Defendant's request for a sentencing reduction based on the FSA is denied.

Finally, in his *pro se* filings, the Defendant again raises claims that his guilty plea was involuntary and that he received the ineffective assistance of counsel. Defendant has not cited any authority, however, indicating that 18 U.S.C. § 3582(c)(2) provides an avenue through which he may raise these claims. Therefore, the Court will not address them.

Also pending before the Court are the Defendant's *pro se* Motion To Petition The Court To Receive Credit For Time-Served (Docket No. 72), and the Government's Response (Docket No. 74). Through the Motion, the Defendant requests that the Court grant him certain sentencing credits to which he claims he is entitled. The Motion is denied, as the Defendant has failed to demonstrate that the Court has jurisdiction to order such relief. See, e.g., Sutton v. United States, 172 F.3d 873 (6th Cir. 1998)(A prisoner's challenge to the execution of his sentence, including

---

[2] Even if the FSA applied, the Defendant has failed to show that the Act's reduction to the applicable statutory maximum affects his sentence as a career offender. See 21 U.S.C. §§ 841(b)(1)(C), 860 (statutory maximum for Count One is now 40 years of imprisonment); U.S.S.G. § 4B1.1(b)(2) (Base offense level as a career offender remains at 34 based on 40-year statutory maximum).

the determination of credit for time served, must be filed under 28 U.S.C. § 2241 in the district court having jurisdiction over the prisoner's custodian); Doan v. Lamanna, 28 Fed.Appx. 297, 2001 WL 1299260 (6th Cir. Aug. 10, 2001); United States v. Ford, 16 Fed.Appx. 314, 2001 WL 861737 (6th Cir. June 20, 2001). See also Setser v. United States, 132 S. Ct. 1463, 1473 (2012).

    It is so ORDERED.

                                        */s/ Todd Campbell*
                                        TODD J. CAMPBELL
                                        UNITED STATES DISTRICT JUDGE